Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 210601-163227
DATE: June 30, 2021

ORDER

Entitlement to service connection for a back disability, diagnosed as intervertebral disc syndrome (IVDS), is granted.

FINDING OF FACT

The Veteran's back disability, which was noted on service entrance, was aggravated beyond its natural progression during service.

CONCLUSION OF LAW

The criteria for service connection for a back disability have been met. 38 U.S.C. §§ 1110, 1153; 38 C.F.R. §§ 3.102, 3.303, 3.306.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1965 to February 1966. He appeals a May 2021 Appeals Modernization Act (AMA) rating decision by the Agency of Original Jurisdiction (AOJ) denying service connection for a back disability. In his June 2021 notice of disagreement (NOD), the Veteran appealed the decision directly to the Board and chose the Direct Review lane. See June 2021 VA Form 10182.

A Veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in the line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C. § 1110.

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C. § 1111.

Cases in which the condition is noted on entrance, as here, are governed by the presumption of aggravation of a preexisting disability contained in 38 U.S.C. § 1153, as opposed to that applicable under 38 U.S.C. § 1111 where the complained-of condition was not noted on entrance into service. This statute provides that a pre-existing injury or disease will be considered to have been aggravated by active service where there is an increase in disability during such service, unless clear and unmistakable evidence shows that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153; 38 C.F.R. § 3.306. Essentially, the Veteran is bringing a claim for service connection for aggravation of his preexisting disorder, when that disorder is noted at service entrance.

The Veteran contends that his pre-existing back condition was worsened by his active service.

At the Veteran's September 1965 pre-induction examination, the documenting physician noted on the Report of Medical Examination that the Veteran's spine was "abnormal." A history of low back pain was noted as secondary to a fall in 1963. See September 1965 Report of Medical Examination. Moreover, the Veteran self-reported a history of wearing a back brace, and that his lumbar region had bothered him since a pre-service fall. See September 1965 Report of Medical History. Because the condition was noted on service entrance, the presumption of soundness does not apply. However, as noted above, if there was an increase in the Veteran's back disability during service, the presumption of aggravation applies unless clear and unmistakable evidence shows that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153.

Here, the Board finds that the Veteran's back disability underwent an increase in severity during service. While a prior back injury and a history of back pain was noted on entry to service, the associated x-rays were found to be negative during the pre-induction examination in 1965. See September 1965 Report of Medical Examination. The Veteran reported that while at boot camp in Fort Jackson, South Carolina, he fell off a ladder backwards landing on his back. See May 2021 Veteran statement. He explained he did not report this fall to medical because he was told he would be "recycled" back to the beginning of boot camp if he did. Id. Consequently, he suffered through the resulting pain and finished boot camp. When it was time for him to clear medical for Officer Candidate School (OCS), the subsequent examination of his back disqualified him from attending. Id.

The medical evidence of record confirms the Veteran's contention that his pre-existing back disability was aggravated by service. Ultimately, the Veteran was recommended for separation from service due to his back disability. See February 1966 Medical Board Proceedings. He was diagnosed with spondylolysis, L5; symptomatic, with associated x-ray evidence. See January 1966 Report of Medical History. Further, the Board finds it persuasive that the Veteran was found fit for service despite his history of back pain reported on entry, but then eventually discharged because of the increase in severity of the same disability. Thus, indicating a clear worsening of symptoms.

The evidence also does not demonstrate that the Veteran's increase in his back disability during service was clearly and unmistakably (i.e., undebatably) due to the natural progression of the disability. To the contrary, the Veteran's symptoms appeared to be mild before service, as the x-rays taken at induction were noted to be negative and he was cleared for service. It was not until after the Veteran's reported fall during boot camp that it appears his disability increased in severity.

The Board finds no reason to find the Veteran not credible; there is simply no evidence in the record that the Veteran is being deceptive in asserting that he suffered a fall which further hurt his back while in service. Thus, given the Veteran's credible statements regarding said fall, it appears that his increase in symptoms was not due to the natural progression of the condition, but rather to the unique circumstances of servicespecifically his fall during boot camp.

The Veteran attended a VA examination in April 2016. He was diagnosed with IVDS. See April 2016 VA examination report. The April 2016 VA examiner ultimately concluded that the Veteran's back disability was not aggravated beyond its natural progression by service. Id. However, the opinion was based solely on the fact that the Veteran's service treatment records (STRs) do not show any back injury during service. The Veteran gave a reasonable and credible explanation as to why he did not report the fall. See May 2021 Veteran statement. Thus, the Board affords the April 2016 VA examination report little probative value as to the finding of aggravation in this case. 

(Continued on the next page)

 

In short, the evidence demonstrates that the Veteran's pre-existing back disability was aggravated beyond its natural progression during service. As such, service connection for a back disability, diagnosed as IVDS, is warranted.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Katie Poe, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.